

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter Murchison
County Attorney
Haskell County
Haskell, Texas

Dear Sir:

Opinion No. O-4465
Re: 1. Has the Commissioners'
Court power to employ the
County Clerk to index Com-
missioners' Court's minutes
made prior to the beginning
of the Clerk's tenure of
office, which minutes were
not indexed by his prede-
cessor and pay said Clerk
for such services, said serv-
ices to be performed after
the regular office hours?
2. If so, should pay received
by the Clerk for such services
be accounted for by him as
fees of office? 3. If the
first question is answered
in the negative, may the Com-
missioners' Court with the
consent of the County Clerk
employ some person other than
the County Clerk to make such
index?

Your letter of February 27, 1942, containing the
first and second of the above inquiries, and your telephone
call in which the third inquiry was made is acknowledged.
These questions have had the study and the consideration of
this department.

The applicable statutes defining the duties of
the County Clerk in relation to the Commissioners' Court
are Articles 1940, 2345 and 2349, Vernon's Annotated Civil
Statutes, which are as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 1940. They shall be ex-officio clerks of the commissioners court."

"Article 2345. The county clerk shall be ex-officio clerk of the commissioners court; and he shall attend upon each term of said commissioners court; preserve and keep all books, papers, records and effects belonging thereto, issue all notices, writs and process necessary for the proper execution of the powers and duties of the commissioners court, and perform all such other duties as may be prescribed by law."

"Article 2349. The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk. The clerk shall also record all authorized proceedings of the court between terms; and such record shall be read and signed on the first day of the term next after such proceedings occurred."

We do not believe these provisions of the law or any other provisions that we have been able to find were intended to require the clerk, or to permit the commissioners' court to require the county clerk, as a part of the legal duties of his office to cure the defects or make up for the deficiencies of one who may have preceded him in his office.

We base this opinion upon the decision of the Supreme Court of Texas in Willis v. Jones, 11 Tex. 594. This is a case wherein the District Clerk of Gonzales County, Texas, in 1854 sued his predecessor in office for work performed by him in bringing up to date records which such predecessor had negligantly failed and omitted to enter, and which the District Clerk bringing the suit had voluntarily entered properly and brought down to date. The Supreme Court held that he could not recover for the reason given by Judge Lipscomb as follows:

"We know of no law, requiring the present clerk to supply the faults committed by his predecessor; and if such delinquencies actually occurred, the delinquent clerk is responsible on his bond, and not to his successor in office."

Although his decision was rendered a long time ago we have found no case and no act of the Legislature overruling it, and, although the decision was rendered in a case involving the District Clerk we think that in the absence of an opinion of the court or of a statute to the contrary the rule would be the same in case of a County Clerk.

It is well settled law in the State of Texas that the commissioners' court is a court of limited jurisdiction and derives its powers only by express provisions of the Constitution and the statutes or from necessary implication found within the constitutional and statutory provisions. The Constitution, Article V, Section 18, gives the commissioners' court jurisdiction over all county business. A part of said Section 18, of Article V, Constitution of Texas, is set out as follows:

". . . The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

We have many decisions of the courts of Texas employing the phrase "county business" as used in this constitutional provision and these opinions have given many various definitions of the term as it related to the particular matters and facts then before them for adjudication. However, we do not yet have, and perhaps never shall have, any complete or all-inclusive definition that could be said to clearly set out the boundaries of the area of action of the commissioners' court, and of which it could be said regarding any conceivable situation in which such court might be called upon to take action: "This is, or, this is not, 'county business'."

It may be safely said, however, that the commissioners' court is the governing body of the county with jurisdiction that touches in some respect almost every feature of the county's business, see Ehlinger v. Clark, 8 S. W. (2d) 666; and the court has full and general charge of the business of the county, Gusset v. Nueces County, 235 S. W. 857. And the term "county business" should be given a broad and liberal construction so as not to defeat the purposes of the law. Glenn v. Dallas County Bois D'Arc Island Levee Dist., 275 S. W. 137-145.

We have been unable to find any authority specifically authorizing the Commissioners' Court to employ any person to index the minutes of the Commissioners' Court other than the County Clerk himself. We think it is clear, however, in view of the opinion of the Supreme Court in Willis v. Jones, supra, that it is not the duty of the present County Clerk to bring up to date the indexes which his predecessor failed to make. We take the view that if it is necessary for the good of the county, that these indexes be brought up to date, and your letter indicates that it is necessary, the business of arranging for their being brought up to date would be county business within the purview of the constitutional provision hereinabove set out.

You are advised that it is the opinion of this department that the Commissioners' Court could under the powers and jurisdiction of county business conferred by the Constitution and the laws of this State employ either the County Clerk, provided the work is done by the County Clerk at a time the regular duties of his office do not require his attention, or by a third person employed by the Commissioners' Court for the specific purpose of making these indexes by and with the consent of the County Clerk. It is our further opinion that, since as pointed out above, the bringing up to date of these indexes is not a part of the duties imposed upon the County Clerk by law, such compensation as he might be paid for this extra work would not be chargeable against his account as part of his fees of office.

It should be kept in mind that if the Commissioners' Court employs some third person to perform this work, the person so employed should have the approval of, and the Commissioners' Court in so engaging him, should have the consent of the County Clerk for the reason that the County Clerk is the guardian and custodian of the records of his office and he is responsible for the care and safe-keeping of the same irrespective of who may be using them or performing work upon them.

It should here be pointed out that this opinion is predicated upon the fact and the finding that it is not the duty of the County Clerk to bring up to date indexes to the Commissioners' Court's minutes which his predecessor failed to make and should be distinguished from cases wherein the County Clerk is required as part of the duties of his office and to renew and replace old and worn records

and indexes. These last duties are placed upon the County Clerk by the statutes and are part of the work for which his fees of office are paid.

It is only because of our view under the facts presented by you, that the work here to be done is not the duty of the County Clerk under the law that the facts here can be distinguished from the cases of Tarrant County v. Rogers, 125 S. W. 592 (Sup. Ct. 135 S. W. 110), and Tarrant County v. Butler, 80 S. W. 666, in both of which cases it was held that the Commissioners' Court had no power to employ the County Clerk and to pay him a sum of money over and above the regular fees or salary of his office for making new and improved indexes since under the facts in those cases it was the regular legal duty of the County Clerk to make the indexes in question.

Yours very truly

APPROVED APR 24, 1942

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

Robert F. Cherry
Assistant

RFC:LW